# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE SHUROW,<br><br>                    Plaintiff,<br><br>v.<br><br>GINO MORENA ENTERPRISES, LLC, et al.,<br><br>                    Defendants. | Case No.: 3:16-cv-02844-L-KSC<br><br>**ORDER GRANTING WITH PREJUDICE DEFENDANTS' MOTION [Doc. 5] TO DISMISS** |

Pending before the Court is Defendants Gino Morena Enterprises, LLC and Alicia Spitler's (collectively "Defendants") motion to dismiss Plaintiff Christine Shurow's ("Plaintiff") Complaint [Doc. 1]. The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS** Defendants' motion.

//
//
//
//
//
//

## I. BACKGROUND

This case arises out of an employment relationship between Plaintiff and Defendants. Plaintiff began working for Defendant Geno Morena Enterprises ("GME") in 2007 as a barber at Eielson Air Force Base. GME promoted her to the position of Assistant Manager in 2008. In March of 2011, Plaintiff transferred to GME's operation on Marine Corps Base Camp Pendleton ("GME Pendleton"). Though slated to begin work at Pendleton as a full time Assistant Manager, Plaintiff had to work part time for several months before receiving a promotion to full time Assistant Manager in October 2011, a position she held until late 2014. While working at GME Pendleton, Plaintiff made several complaints about working conditions and Labor Code violations. Plaintiff alleges Defendants responded to these complaints with harassment and retaliation.

Around July 2014, Plaintiff injured her elbow when she accidentally hit it against a door jamb. Her doctor diagnosed her with an elbow strain and told her to take three days off work. After a subsequent visit, Plaintiff's doctor cleared her for return to work. However, soon after her return to work, her doctor told her to take two weeks off, and renewed this direction three times. Plaintiff presented her doctor's notes to Defendant Spitler ("Spitler"), a general manager at GME Pendleton, who in turn told Plaintiff that her management position would be safe on medical leave for twelve weeks. Despite this assurance, Defendants informed Plaintiff after eight weeks of medical leave that she would no longer have a management position.

Plaintiff's doctor subsequently permitted her to return to work, first under the condition that she be permitted to ice her elbow fifteen minutes per hour as needed, and later simply "as needed." Defendants found these conditions either "too restrictive" or "too vague" and therefore refused to allow Plaintiff to return to work and later denied her request for leave under the Family and Medical Leave Act and terminated her employment.

Plaintiff filed a complaint with the Superior Court of California, County of San Diego, alleging state law claims for (1) disability discrimination; (2) disability

harassment; (3) failure to accommodate disability; (4) failure to engage in the interactive process of accommodation of a disability; (5) failure to prevent, correct and remedy discrimination and harassment; (6) violation of the whistleblowing law; (7) retaliation in violation of FEHA, FMLA, and the CLRA; (8) retaliation for complaints of OSHA violations; (9) retaliation for complaints of harassment and discrimination; (10) failure to pay wages due; (11) failure to provide meal and rest periods; (12) failure to provide an accurate itemized statement of wages and hours; (13) waiting time penalties; (14) violation of California Business and Professions Code §17200; (15) wrongful termination; (16) intentional infliction of emotional distress; and (17) negligent infliction of emotional distress. (See Compl. [Doc. 1–2].) Defendants removed to this Court and now move to dismiss. (See Rem. Not. [Doc. 1]; MTD [Doc. 5].) Plaintiff opposes (See Opp'n [Doc. 6].)

## II.  LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). The court must assume the truth of all factual allegations and "construe them in the light most favorable to [the nonmoving party]." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002); *see also Walleri v. Fed. Home Loan Bank of Seattle*, 83 F.2d 1575, 1580 (9th Cir. 1996).

As the Supreme Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and quotation marks omitted). Instead, the allegation in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. at 1965. A complaint may be

3

3:16-cv-02844-L-KSC

dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

## III. DISCUSSION

The dispositive question presented by Defendants' motion is whether the Federal Enclave Doctrine bars Plaintiff's claims. Camp Pendleton is a federal enclave established no later than December 31, 1942. *Stiefel v. Bechtel Corp.*, 497 F. Supp. 1138, 1145 (S.D. Cal. 2007). Under the Federal Enclave Doctrine, state law is inapplicable unless it both predates the federal government's acquisition of the property and is not inconsistent with federal law. *Pac. Coast Dairy v. Dep. of Agric. of Cal.*, 318 U.S. 285, 294 (1943); U.S. Const. art. 1 §8 cl. 17. Here, Plaintiff does not dispute the fact that all of her causes of action are based on California state laws that either postdate Camp Pendleton's enclave status or are inconsistent with federal law.[1] Rather, Plaintiff presents several arguments as to why the Federal Enclave Doctrine is inapplicable or an exception applies.

Plaintiff's first argument is that the Federal Enclave Doctrine does not govern a number of the claims here because she could amend her complaint to show that the conduct underlying her claims occurred off base. Specifically, she claims to be able to allege facts showing that (1) GME's human resources department is located off base; (2) the decision to terminate her employment was made by management off base; and (3) Plaintiff was off base when she learned that GME had terminated her employment.

---

[1] The Court notes that, to the extent Plaintiff's first and second causes of action are based on the California Constitution, they fail because the California Constitution nowhere addresses discrimination or harassment based on a physical disability.

4

The main[2] problem with this argument is that, even if these facts were true, they would not take Plaintiff's claims outside of the Federal Enclave Doctrine. In the context of claims by employees against contractor employers operating on a federal enclave, the Doctrine applies if the plaintiff's place of employment was located on the federal enclave. *Lockhart v. MVM, Inc.*, 175 Cal. App. 4th 1452, 1458–60 (2009) (holding federal enclave doctrine applies on materially identical facts); *see also Powell v. Tessada & Assocs.*, 2005 WL 578103 (C.D. Cal. 2005) (same); *Taylor v. Lockheed Martin Corp.*, 78 Cal. App. 4th 472, 481 (2000) (same). Because Plaintiff's place of employment was located on Camp Pendleton, the Federal Enclave Doctrine applies.

Next, Plaintiff contends that, inasmuch as she is seeking emotional distress damages, the Federal Enclave Doctrine does not bar her claims. More specifically, she argues that by enacting 16 U.S.C. § 457 Congress limited the Federal Enclave Doctrine such that it does not apply to state law claims to the extent they seek damages for emotional distress. Congress repealed 16 U.S.C. § 457 on December 19, 2014 and replaced it with 28 U.S.C. 28 U.S.C. §5001. Though there are significant cosmetic differences, the statutes appear substantively identical. The current version reads

**(a) Death.**--In the case of the death of an individual by the neglect or wrongful act of another in a place subject to the exclusive jurisdiction of the United States within a State, a right of action shall exist as though the place were under the jurisdiction of the State in which the place is located.

**(b) Personal injury.**--In a civil action brought to recover on account of an injury sustained in a place described in subsection (a), the rights of the parties shall be governed by the law of the State in which the place is located.

28 U.S.C. § 5001.

Resolution of Plaintiff's argument requires interpretation of the words "personal injury" as used in the title of subsection b, and "injury" as used in the body. Because the

---

[2] Even if meritorious, Plaintiff's argument would not provide a grounds for denying Defendants' motion to dismiss. Rather, it is only relevant to the inquiry of whether the Court should grant leave to amend.

quoted language in the body of subsection b is ambiguous, it is proper to look to the language in the title for guidance. *Brotherhood of R.R. Trainmen v. Baltimore & O.R. Co.*, 331 U.S. 519, 528–29 (1947). The Court sees only two feasible interpretations of the words "personal injury" as used in § 5001: (1) a physical injury sustained by one's person or (2) any injury a person might sustain.

The second interpretation is overbroad. It is co-extensive with the injury in fact requirement of Article III Section II of the U.S. Constitution for standing to sue. If the § 5001 exception to the Federal Enclave Doctrine were coextensive with Article III standing, then § 5001 would swallow the entire Federal Enclave Doctrine. Such a result would be inconsistent with the more than eighty years of Federal Enclave Doctrine jurisprudence since Congress enacted 16 U.S.C. § 457. Indeed, If Congress had abolished the doctrine, there would be no needs for the courts to continue analyzing its applicability to cases. Accordingly, the Court follows *Kelly v. Lockheed Martin Servs. Grp.*, 25 F. Supp. 2d 1, 7–9 (D.P.R. 1998), and holds that § 5001 creates an exception allowing recovery only for damages stemming from a physical injury to one's person. Because Plaintiff does not allege Defendants' conduct caused her such physical injury, her claims do not fit under § 5001 (b).

Plaintiff's last argument in opposition is that her whistle blowing claims based on Cal. Labor Code §§ 1102.5 and 6310 are not subject to the Federal Enclave Doctrine because Congress authorized California to enforce these Labor Code provisions on federal enclaves. In support, Plaintiff cites *Taylor*, 78 Cal. App. 4th at 483–86. The court in *Taylor* held that the Secretary of Labor, under a congressional delegation of power, authorized the application of state workplace safety laws on federal enclaves *where the federal government does not actively exercise its jurisdiction*. *Id.* Because the U.S. Air Force officials on the base at issue in *Taylor* allowed state OSHA inspectors to come on base and respond to the plaintiff's complaints about his employment termination, the court reasoned that the Air Force did not actively exercise its jurisdiction and therefore permitted the application of state workplace safety laws. *Id.*

This case is distinct from *Taylor* in that Plaintiff makes no allegation that the federal government did not actively exercise its jurisdiction as to occupational safety laws. In the absence of such allegations, state occupational safety laws are not exempt from the Federal Enclave Doctrine. *Stiefel v. Bechtel corp.*, 497 F. Supp. 2d 1138, 1150–51 (S.D. Cal. 2007). Accordingly, the Court finds that the Federal Enclave Doctrine precludes Plaintiff's claims under California Labor Code Sections §§ 1102.5 and 6310.

IV. **CONCLUSION AND ORDER**

Because the Federal Enclave Doctrine bars all of Plaintiff's state law claims, the Court **GRANTS WITH PREJUDICE** Defendant's motion to dismiss.

**IT IS SO ORDERED.**

Dated: May 1, 2017

_____
Hon. M. James Lorenz
United States District Judge